Richard D. Carter (SBN 125523)
Eugene P. Sands (SBN 171504)
CARTER SANDS, LLP
24025 Park Sorrento, Suite 280
Calabasas, CA 91302
Telephone: (818) 914-5585
Facsimile: (818) 473-4230
Email:  rcarter@cartersandslaw.com
        esands@cartersandslaw.com

Attorneys for Plaintiffs
JJC FOODS, INC., and JOHN CLIFFORD

SONIA MARTIN (Bar No. 191148)
MENGMENG ZHANG (Bar No. 280411)
Dentons US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
Telephone: (415) 267-4000
Facsimile: (415) 267-4198
Email:   sonia.martin@dentons.com
         mengmeng.zhang@dentons.com

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JJC FOODS, INC., a California Corporation dba The Depot and Culinary Creations; JOHN CLIFFORD, an individual<br><br>                    Plaintiffs,<br><br>        vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio Corporation, and DOES 1 through 5, inclusive,<br><br>                    Defendants. | Case No. 2:19-cv-02384-WBS-DMC<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
(415) 267-4000

- 1 -

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1   JJC Foods, Inc., and John Clifford ("Plaintiffs") and Nationwide Mutual Insurance

2   Company ("Nationwide") (jointly the "Parties" in this action, individually, the "Party") by and

3   through their attorneys of record, hereby enter into the following Stipulation and Protective Order

4   Regarding Confidential Information ("Protective Order"):

5       WHEREAS, the Parties wish to protect the confidentiality of certain confidential,

6   proprietary or private information for which special protection from public disclosure and from

7   use for any purpose other than prosecuting and defending this litigation or related litigation

8   involving the Parties would be warranted;

9       WHEREAS, the Parties wish to ensure that the Parties can obtain and pursue discovery

10  and litigate this matter efficiently and with a minimum of delay and expense;

11      THE COURT HEREBY ORDERS THAT:

12      This Protective Order shall govern the use and treatment of information, documents,

13  testimony or other tangible things produced in this action by Nationwide:

14      1.   "Confidential Information," as used herein, means any information, in whatever form

15  produced in connection with formal or informal discovery in this litigation that Nationwide in

16  good faith believes contains, reflects or concerns its trade secrets, confidential business or

17  commercial information or other sensitive or proprietary information which, if disclosed to third

18  parties, would likely cause the Party injury, prejudice, harm, damage or disadvantage.

19  Confidential Information includes, but is not limited to, proprietary business information,

20  business plans, pricing, information relating to personnel matters, and financial and other

21  sensitive information that is not publicly available (or not publicly available in the form

22  maintained by the Party), Confidential Information may not be used or disseminated except as

23  provided in this Protective Order.  Confidential Information includes all documents or

24  information derived from Confidential Information, including excerpts, copies or summaries of

25  Confidential Information.

26      2.   Nationwide may designate any information, document, testimony or other tangible

27  thing that it furnishes in connection with this litigation as Confidential Information, and therefore

28  subject to the provisions of this Protective Order, in any reasonable manner.  Documents may be

- 2 -

designated Confidential Information by affixing the legend "Confidential" to each item or document page.  Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3.    Materials designated as Confidential Information may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

(a)    the Parties in this lawsuit, or their employees involved in the management of this litigation;

(b)    counsel of record who represent the Parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;

(c)    any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any Party in preparation for trial;

(d)    independent expert witnesses or consultants, including trial or jury consultants, retained by the Parties in this lawsuit (i.e., not employed by or similarly affiliated with a Party or an affiliated company of a Party);

(e)    the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

(f)    any mediator or arbitrator selected with the consent of all Parties or by the Court.

4.    Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A.  All Parties shall retain any such agreements and make them

- 3 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

available to counsel for other Parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5.     Nationwide may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 3(a) or 3(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm.  Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 3(b), 3(d), 3(e) and 3(f) herein in accordance with the terms and conditions of this Protective Order.  If a Party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that Party may follow the procedure set forth in paragraph 9 herein to remove such designation.

6.     Before filing or submitting any Confidential Information to the Court, Parties must comply with the procedures for sealing documents under Civil Local Rule 141.

7.     Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

8.     The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the Parties in writing or as ordered by the Court.  Any modifications, extensions or limitations agreed to in writing by the Parties shall be deemed effective pending approval by the Court.

9.     With respect to any Confidential Information covered by this Protective Order, the Parties may serve upon counsel for Nationwide a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only."  Such written notice shall be served on Nationwide's counsel at least forty (40) days before any materials at issue in the notice may be filed with the Court.  Nationwide shall review the designated material sought to be reclassified, and notify the Parties in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy.  If no agreement can be reached, Nationwide may apply to the Court for an order that the information or

- 4 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

documents so designated are entitled to such status and protection. Nationwide shall give the requesting Party notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential-Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

10. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

11. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, Nationwide shall properly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only," and the Parties shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential-Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of Nationwide's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

12. Immediately following the conclusion of this litigation, either by settlement, judgment, dismissal or otherwise, counsel for the Party or Parties to which Confidential Information was produced shall destroy the Confidential Information, including any copies made of the Confidential Information and including any extracts and/or summaries of the Confidential Information. Each Party shall provide written notice to the other side that the Confidential Information has been destroyed or, in the alternative, return the Confidential Information to the

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 5 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

other side with a cover letter confirming all Confidential Information has been returned.  The Parties and counsel for the Parties shall not discuss the Confidential Information with any person or Party at any time after conclusion of the litigation, other than with their respective counsel and clients in the above-captioned action, counsel for the other Parties in this action, and the Court under seal.  If requested, counsel shall furnish a certificate of compliance that all confidential materials produced to that Party, including all summaries, excerpts or copies of such materials, have been returned to the producing Party.

13.   If the Parties receive a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, the Parties shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for Nationwide, identifying the Confidential Information sought and enclosing a copy of the subpoena.

14.   The Parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

15.   This Protective Order will be governed and construed in accordance with the laws of the State of California.

16.   This Protective Order contains the entire agreement between the Parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the Parties, unless made in writing by the Parties.

**IT IS SO STIPULATED.**

Dated:  October <u>13</u>, 2020                     CARTER SANDS, LLP


By: _____/s/_____
                        Richard D. Carter
                        Eugene P. Sands

Attorneys for Plaintiffs
JJC FOODS, INC., and JOHN CLIFFORD

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Dated:  October 14, 2020

DENTONS US LLP

By: _____/s/ SONIA MARTIN_____
                SONIA MARTIN

Attorneys for Defendants
NATIONWIDE MUTUAL INSURANCE
COMPANY

**IT IS SO ORDERED.**

**Dated:  October 16, 2020**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105
(415) 267-4000

- 7 -

[PROPOSED] STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

**EXHIBIT A - DECLARATION**

I, _____, hereby declare:

1. My address is _____.

2. I am presently employed by _____, whose business address is

   _____.

3. My present occupation or job description is _____.

4. I am involved with this case in the capacity of a _____ retained by or affiliated with _____ (name of party, if applicable).

5. I have been given a copy of the Protective Order in this case signed by Magistrate Judge Dennis M. Cota on _____.

6. I have carefully read and understand the provisions of the Protective Order.

7. I will comply with all of the provisions of the Protective Order.

8. I will hold in confidence any and all Confidential Information, as well as any and all words, summaries, abstracts, or indices of Confidential Information, that are disclosed to me, and I will not disclose any of them to anyone who is not qualified to receive them under the terms of the Protective Order.

9. I will return all Confidential Information that come into my possession, and any and all documents or things that I have prepared relating to those Confidential Information to the party from whom I received them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on _____, 2020, at _____, _____ (city, state).

Signed: _____

[PROPOSED] STIPULATION AND PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000